UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES, ex rel., BELL HILL, LLC,<br><br>Plaintiff,<br><br>v.<br><br>JOHN SEASHOLTZ, et al.,<br><br>Defendants. | No. 1:20-cv-00942-ADA-BAM<br><br>ORDER GRANTING STIPULATION OF DISMISSAL PURSUANT TO FED. R. CIV. P. 41(a)<br><br>(ECF No. 27) |

On July 6, 2020, Relator-Plaintiff Bell Hill, LLC filed this qui tam action pursuant to the False Claims Act, 31 U.S.C. §§ 3729–3733. (ECF No. 1.) After several extensions of time, the Court granted the United States' election to intervene in the claims against Defendants John Seasholtz, Sweetwood Farm Company, LLC, Mendota Land Company, Sweetwood Farm, Inc., and Seasholtz Co., LLC ("the Seasholtz Defendants"). (ECF No. 26.) The United States declined to intervene as to the claims against Defendant Bank of the West. (ECF No. 25.) On July 11, 2023, the United States and Relator-Plaintiff filed a stipulation, pursuant to Federal Rule of Civil Procedure 41(a)(1) to dismiss "with prejudice as to the United States with respect to the Covered Conduct as defined in the Settlement Agreement, and otherwise without prejudice." (ECF No. 27 at 2.) According to the parties' settlement agreement, the "Covered Conduct" consists of allegations that the Seasholtz Defendants (1) misrepresented payroll and employee headcounts when applying for Paycheck Protection Program ("PPP") loans, (2) impermissibly used PPP

1

loans to pay down personal lines of credit, and (3) made false statements in connection with obtaining PPP loans. (ECF No. 29-1 at 4.)

Rule 41(a)(1) permits a plaintiff to dismiss an action without a court order by stipulation of the parties. Fed. R. Civ. P. 41(a)(1)(A)(ii). This rule is, however, "subject to . . . any applicable federal statute." *Id.* 41(a)(1)(A). As relevant here, a qui tam action under the False Claims Act "may be dismissed only if the court and the Attorney General give written consent to the dismissal and their reasons for consenting." 31 U.S.C. § 3730(b)(1). This provision modifies the typical procedure under Rule 41(a) to require a court's consent for stipulated dismissals under the False Claims Act. *Youssef v. Tishman Constr. Corp.*, 744 F.3d 821, 826 (2d Cir. 2014); *see also United States ex rel. McGough v. Covington Techs. Co.*, 967 F.2d 1391, 1397 (9th Cir. 1992) (emphasizing the requirement that qui tam dismissals comply with the language of 31 U.S.C. § 3730(b)(1)). The purpose of this rule is to prevent a relator-plaintiff from dismissing a qui tam action before the government has decided whether to intervene. *See Minotti v. Lensink*, 895 F.2d 100, 103 (2d Cir. 1990).

Here, the United States previously decided to intervene in this action and worked with both the Relator-Plaintiff and the Seasholtz Defendants to negotiate a settlement. The settlement agreement contains the signatures of the attorneys representing the United States, Relator-Plaintiff, and the Seasholtz Defendants. Additionally, the Court does not find any of the terms in the settlement agreement unfair or otherwise objectionable.

Accordingly,

1. The stipulation to dismiss the action, (ECF No. 27), is granted as follows:
    a. As to the Relator-Plaintiff, the action is dismissed with prejudice;
    b. As to Defendants John Seasholtz, Sweetwood Farm Co., LLC, Mendota Land Co., Sweetwood Farm Inc., and Seasholtz Co., LLC, the action is dismissed with prejudice as to the United States for the Covered Conduct as set forth in the settlement agreement, and otherwise without prejudice; and

///

        c.      As to Defendant Bank of the West, the action is dismissed without prejudice as to the United States.

IT IS SO ORDERED.

Dated:   August 10, 2023

UNITED STATES DISTRICT JUDGE

3